**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

LUAN KINH NGUYEN,                    :

        Petitioner           :    CIVIL ACTION NO. 3:26-1260

    v.                                   :         (JUDGE MANNION)

JESSICA SAGE, *et al.*,              :

        Respondents         :

## MEMORANDUM

Pending before the court is petitioner Luan Kinh Nguyen's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Nguyen's petition will be **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

Petitioner Luan Kinh Nguyen, a citizen of Vietnam, entered the United States on February 3, 1986, as a refugee. (Doc. 7-2 at 3). On October 23, 1990, his status was adjusted to lawful permanent resident. *Id.*

On October 29, 1990, Nguyen, a minor at the time, was convicted in the Delaware County Court of Common Pleas in Pennsylvania of theft by receiving stolen property. *Id.* On December 2, 1991, Nguyen, still a minor, was convicted of first-degree robbery in the Circuit Court of St. Charles County, Missouri. *Id.* at 4. Following these convictions, Nguyen was ordered

removed from the United States by an Immigration Judge, which became final on May 3, 1994. *Id.* On January 25, 1996, Nguyen was transferred from the custody of the state of Missouri to immigration custody. *Id.* He spent the next year and approximately four-and-a-half months in immigration custody before being released on supervision on June 12, 1997. *Id.*

Following his release, Nguyen was arrested by the Philadelphia Police Department on May 25, 2001, for purchasing a contraband substance and intention to purchase a contraband substance, and again on September 22, 2001, for the same offenses. *Id.* He was convicted both times, but received no term of imprisonment. *Id.*

On July 12, 2023, Nguyen was arrested by the Philadelphia Police Department for attempted aggravated assault, unlawful possession of a firearm related offenses, and terroristic threats. *Id.* at 4-5. However, the charges were *nolle prossed* on November 14, 2024. *Id.* at 5.

On December 2, 2025, Immigration and Customs Enforcement ("ICE") revoked Nguyen's supervised release, and ICE officers re-detained Nguyen. (Doc. 7-2 at 7); (Doc. 7-2 at 3). That same day, a warrant of removal/deportation was issued. (Doc. 7-8). He is currently detained at FCI Lewisburg in Lewisburg, Pennsylvania.

While in detention, Nguyen was provided with a travel document application, which he completed and returned to ICE on December 17, 2025. (Doc. 7-9). The application was sent to HQ-RIO to submit to Vietnam. *Id.* On April 15, 2026, ICE, pursuant to a 90-day custody review, determined that Nguyen would remain in detention due to his posing a danger to the community, and because ICE is currently working to effectuate his removal. (Doc. 7-10). On May 5, 2026, HQ-RIO submitted the travel document application to Vietnam and noted a significant likelihood of removal in the reasonably foreseeable future. (Doc. 7-9, ¶¶ 19, 20, 22).

On May 11, 2026, Nguyen filed the present petition for habeas corpus, arguing that his detention has become illegally prolonged and that it does not appear that his removal will occur in the reasonably foreseeable future. (Doc. 1). On May 20, 2026, Respondents filed their response to the petition. (Doc. 7). Nguyen did not file a reply to their response. Thus, the petition is now ripe for disposition.

## II.    LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited in some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination*

- 4 -

*Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

§1252(b)(9) states "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at \*3.

### b. Exhaustion of administrative remedies

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at \*3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at \*3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Nguyen is detained under 8 U.S.C. §1231, which precludes immigration judges from holding a bond hearing. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022) (holding that the Government is not required to offer bond hearings after six months of detention to noncitizens held beyond the 90-day removal period set by §1231).

### c. Merits

Nguyen argues that his detention has become unlawfully prolonged and that he, therefore, should be released from custody. Where an immigration detainee has been given a final order of removal, his detention

- 6 -

is governed by 8 U.S.C. §1231. Under the statute, the Government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). This ninety day "removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).

In *Zadvydas v. Davis*, the Supreme Court held that the Government may not detain aliens indefinitely following a final order of removal. 533 U.S. 678, 689 (2001). Indeed, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. However, the court noted that it "doubt[ed] that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time." *Id.* at 701. Accordingly, the court reasoned that detention for up to 6 months following a final order of removal is "presumptively reasonable." *Id.*

"After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to

- 7 -

rebut that showing." *Id.* Further, "for detention to remain reasonable, as the period of prior postremoval grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Here, Nguyen's order of removal became final on May 3, 1994, when his appeal was dismissed by the Board of Immigration Appeals ("BIA"). (Doc. 7-2 at 4); 8 C.F.R. §1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals"). He was then released until his re-detention on December 2, 2025.

In order to understand the Government's failure to deport Nguyen over the last 32-plus years despite a final order of removal, some historical context is needed. Following the Vietnam War, the United States did not deport Vietnamese citizens until 2008, when the two countries signed an agreement establishing repatriation procedures. *See* "Agreement Between the Government of United States of America and the Government of the Socialist Republic of Vietnam on the Acceptance of the Return of Vietnamese Citizens," Jan. 22, 2008, Treaties and Other International Acts Series 08-322, https://www.state.gov/wp-content/uploads/2019/02/08-322-Vietnam Repatriations.pdf. However, this agreement protected all pre-1995 Vietnamese arrivals to the United States from deportation. *Id.*, art. 2, ¶ 2.

- 8 -

This was the *status quo* until November of 2020, when the two countries signed a Memorandum of Understanding ("MOU") that created a deportation process for pre-1995 arrivals. *See* "Memorandum of Understanding Between the Department of Homeland Security of the United States of America and the Ministry of Public Security of the Socialist Republic of Viet Nam on the Acceptance of the Return of Vietnamese Citizens who Arrived in the United States before July 12, 1995 and who have been Ordered Removed from the United States," Nov. 21, 2020. Still, following the MOU, ICE policy was to release detainees within 90-days of a final order of removal, rather than effectuating deportation. But, in June of 2025, ICE "rescinded its policy of generally finding that pre-1995 Vietnamese immigrants are not likely to be removed in the reasonably foreseeable future and of generally releasing them within 90 days of the entry of their final orders of removal." *See* Asian Law Caucus, "Resources on Deportation of Vietnamese Immigrants who Entered the U.S. before 1995," Jul. 15, 2025, https://www.asianlawcaucus.org/news-resources/guides-reports/trinh-reports.

Given this background, the Government's failure to effectuate a removal prior to the June of 2025 change in internal ICE policy will not, as Nguyen urges, be weighed against the Government in determining the length of the delay in deporting him. Moreover, the time between June of 2025 and

- 9 -

his re-detention on December 2, 2025, will not be credited toward his length of detention, as it stands to reason that the Government was not prepared to immediately locate, detain, and remove all pre-1995 Vietnamese arrivals with final orders of removal. Thus, Nguyen's detention became presumptively unreasonable on June 3, 2026—not, as he argues, earlier— six months and one day after he was re-detained.

However, the Government has sufficiently maintained efforts to ensure that Nguyen is deported in the reasonably foreseeable future. Most recently, on May 5, 2026, the Government submitted Nguyen's travel document application to Vietnam. (Doc. 7-9, ¶ 19). Once the application is approved, his removal will likely be imminent. Moreover, "699 people [were] removed to Vietnam in 2025, including 327 which were pre-1995 entries. To date, since FY2025, no [travel document] request to Vietnam has been denied. Additionally, there are regular charters scheduled to Vietnam." *Id.*, ¶ 20. Thus, it appears that Nguyen will be deported in the reasonably foreseeable future. Accordingly, his request for relief will be denied.

The court notes, however, that Nguyen may file subsequent habeas petitions if it turns out that his detention does, in fact, become unreasonably prolonged. Indeed, given the ease with which the Government has

apparently effectuated deportations to Vietnam over the past year, any significant future delay would strike the court as likely unreasonable.

## IV.    CONCLUSION

For the foregoing reasons, Nguyen's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **DENIED WITHOUT PREJUDICE**. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 6/24/26

26-1260-01